KARL A. SNYDER, Appellant, v. THE BOARD OF EDU-
     CATION OF THE CITY OF ALBUQUERQUE, Ap-
     pellee.

1.  SCHOOL BOARD—CONTRACTS—IN WRITING, WHEN.—Where a mem-
    ber of the board of education of the city of Albuquerque sues the
    board for three hundred dollars, which he alleges to be the reason-
    able value of services he was employed to perform; and where the
    statute under which the board was organized, provides that "No
    expenditure involving an amount greater than two hundred dollars
    shall be made except in accordance with the provisions of a written
    contract," and where the defendant pleaded the bar of this statute in
    the absence of an allegation of a written contract, to which
    answer a demurrer was overruled and the plaintiff elected to abide
    by his demurrer and judgment was rendered for defendant. Held:
    That the plaintiff was bound by his allegation that the expenditure
    involved three hundred dollars, and in the absence of an allegation
    of a written contract, could not recover under a *quantum meruit.*

2.  MUNICIPAL CORPORATION—CONTRACTS—NONE IMPLIED, WHEN.—In
    such case, where the statute specifically limits the power of the cor-
    poration to contract, and regulates the manner thereof, the law will
    not imply a promise to pay, so as to authorize a recovery under a
    *quantum meruit.*

3.  SCHOOL BOARD—IMPLIED PROMISES—PRESUMPTIONS.—In such case,
    section 1572, C. L. 1897, provides that "No member of the board
    of education shall receive any pay or emolument for his services."
    Where the plaintiff relies upon an implied promise to pay and not
    upon a contract of employment, services rendered are presumed to
    be voluntary and official duty for which there can be no recovery.

*Appeal* from the District Court of Bernalillo County, Second Judicial District.  Affirmed.

Statement of the case by the court.

The appellant brought suit in the court below to recover from the appellee corporation three hundred dollars.  Appellant alleges that he was employed to perform legal services; that he rendered services to the value of three hundred dollars and that the appellee promised to pay him, but failed and refused to do so.

The answer of the appellee in its first paragraph, denied the employment of Snyder, denied indebtedness, and also denied promise to pay as alleged in the complaint.  In the second paragraph of the answer, the board admits that Snyder performed the services for the board, but alleges that at the time the services were performed, appellant was a member of the board and that whatever services were performed by the appellant were performed in the discharge of his duties as a member of the board, and that appellant was forbidden by law from receiving, and appellee from paying, any compensation. The third paragraph of the answer is as follows:  Further answering this defendant says that it is advised by counsel and believes and, therefore, charges that it is not authorized to incur any liability in excess of $200.00 except in accordance with the provisions of a contract in writing and this defendant alleges, that there was never any contract in writing between the said plaintiff and this defendant, pleads and relies on the said statute in such cases made and provided in bar of the plaintiff's right to recover in this action."

The appellee moved to strike out the second and third paragraphs of the answer, and the motions were overruled. A demurrer was then filed to the third paragraph, which, being overruled, the appellant declined to plead further and the court rendered final judgment for the appellee.

ALONZO B. McMILLEN for appellant.

1.  The plaintiff sues upon a *quantum meruit* for legal services rendered by the plaintiff for the defendant at its re-

quest, alleging that said services were reasonably worth the sum of $300, which the defendant promised to pay on request, but has not paid, though requested.

The first paragraph of the answer denies the indebtedness in any sum, or that it became indebted by reason of having employed the plaintiff as attorney, or that it ever promised to pay.

The second and third defenses are a mixture of conclusions of law and argumentative denials, and other irrelevant and redundant matter.

There is not a single statement in either of the alleged defenses which amounts to new matter and required to be pleaded under the code, and it is a well settled principle of pleading that one will not be permitted to state affirmative facts in the answer which amounts to a mere denial.

"If irrelevant and redundant matter be inserted in a pleading it may be stricken out on motion of the adverse party."  Code, Sec. 51.

All irrelevant matter is necessarily redundant, but not vice versa.  All unnecessary matter is redundant.  Bliss on Code Pleadings, Secs. 214-223.

It is bad pleading to state facts which amount to a denial merely, and when a defendant shall follow a denial by such a statement, the latter will be stricken out as redundant.  Bliss on Code Pleadings, Sec. 424; Sparks v. Heritage, 45 Ind. 66; Allen v. Randolph, 48 Ind, 496.

And although a motion to strike out is the proper practice, it is not error to sustain a demurrer to the special paragraph as the effect is the same.  Ohio & M. R. Co. v. Humberger, 43 Ind. 462; Chicago C. L. R. Co. v. West, 37 Ind. 211.

If a defense shows nothing but a legal conclusion it does not matter how the question comes up, it has no validity for any issuable purpose and it should be stricken out.  Bliss on Code Pleadings, Sec. 213; Cooper v. Franck, 52 Ia. 513, 3 N. W. 538.

In case of mixed facts and conclusions of law, it is

subject to correction on motion, but not on demurrer.  Bliss on Code Pleadings, Sec. 213.

When the plaintiff has stated a supposed cause of action in conformity to the code the defendant must either demur, and thus raise the question of the sufficiency of the complaint in law, or must deny the truth of one or more material facts by answer or must plead new matter, that is, matter which, conceding the truth of the plaintiff's allegations, amounts to a defense, or as usually stated under the old practice, a confession and avoidance.  Code, Secs. 34-35-40; Bliss on Code Pleadings, Section 333.

Let us first consider the motion to strike out the second-defense.  The first defense denies indebtedness.  This would throw upon plaintiff the burden of proving services which in law would entitle him to payment.  It would permit every defense which would show that the plaintiff was not entitled in law to payment, whether it be that the alleged services had not been rendered or that the services were not such as to entitle the plaintiff to payment.

The second paragraph violates every principle of good pleading.  It is irrelevant, redundant, argumentative, and the last paragraph of it states a conclusion of law, and a bad conclusion at that.  It first alleges that the defendant is a member of the board and rendered certain services, but alleges on advice and belief that all services so rendered were performed by the plaintiff in discharge of his duties as a member of defendant.

It will be observed that the defendant in no way connects the services which it alleges to have been performed by plaintiff as a member of defendant with the legal services which plaintiff alleges he rendered.

The allegation that plaintiff rendered legal services for defendant at its request for which it promised to pay is entirely consistent with defendant's allegation that during the same period plaintiff was a member of defendant and performed services in discharge of his duty as a member of the defendant.

But suppose that the defendant had alleged in the second defense that the service alleged by plaintiff was rendered in the performance of his duties as a member of defendant, it would only amount to a denial that defendant was indebted to plaintiff, and is subject to the objection that a statement of facts which amount to a denial is bad pleading. Bliss on Code Pleadings, Sec. 424.

The conclusion alleged in the second paragraph of the second defense is indefensible upon any theory.

2. The defendant, no doubt, relies for the sufficiency of its third defense on section 1581 of the Compiled Laws of 1897, which is as follows:

"No expenditure involving an amount greater than two hundred dollars, shall be made except in accordance with the provisions of a written contract, and no contract involving an expenditure of more than five hundred dollars, for the purpose of erecting any public buildings or making any improvements, shall be made except upon sealed proposals, and to the lowest responsible bidder."

The defendant seems to have overlooked the fact that the plaintiff's complaint is not upon an express contract but on a quantum meruit.

The rule is universal that the statute of frauds will not be made the means of fraud; that while the plaintiff could not enforce an express oral contract condemned by the above statute he is entitled to the reasonable value of his services which have been rendered.

One of the members of the board is a contractor, but suppose he should be employed under an oral contract to build the contemplated high school building at a cost, say, of fifteen thousand dollars, and in pursuance of that contract he does build it, would it be contended that because he is a member of the board and because the contract was oral the board could retain the building, and yet refuse to pay its reasonable value? In such case, of course, the builder could not recover on the express contract, but he could on the quantum meruit.

Here the plaintiff rendered legal services at the request of defendant, which services, he says, was reasonably worth $300.00.

Had there been an express contract to pay $300.00 it is clear that the plaintiff could not enforce the contract as against defendant's objection that it was not in writing, but he can recover for the reasonable value of the services whether that be more or less than the contract price. All the authorities agree upon this proposition. Browne on Statute of Frauds, Sec. 118; Williams v. Bemis, 108 Mass. 91; Shute v. Door, 5 Wend, 204; Kidder v. Hunt, 1 Pick, 328; King v. Brown, 2 Hill 485-487; King v. Welcome, 5 Gray 41; Basford v. Pearson, 9 Allen 387; Van Dusen v. Blum, 18 Pick. 229; Aiken v. Nogle (Kan.) 27 Pac. 825; In re Kesler's Estate, 59 N. W. 129; Wallace v. Long (Ind.) 5 N. E. 66; Kettry v. Thumma (Ind.) 36 N. E. 19; Grant v. Grant, (Conn.) 29 Atl. 15; Souch v. Strawbridge, 2 C. B. 808; Burlingame v. Burlingame, 7 Cow. (N. Y.) 92; Hambell v. Hamilton, 3 Dana 501; Davenport v. Gentry, 9 B. Mon. 427; Sims v. McEwin, 27 Ala. 184; Fuller v. Reed, 38 Calif. 99, 111; Wm. Butcher Steel Works v. Atkinson, 68 Ill. 421; Dix v. Marcy, 116 Mass. 416.

One who has rendered services in execution of a verbal contract which, on account of the statute, can not be enforced against the other party, can recover the value of the services upon a quantum meruit.

The leading author upon this subject says:

"We have now the case of complete execution of so much of the contract as the statute does not cover, leaving the remainder executory. Under this head, the general rule is that such execution by one party does not entitle him to an action for damages for the non-performance by the other, although in certain cases a Court of Equity will decree specific execution of the agreement on such grounds. A party, however, who has paid money in fulfilment of a verbal contract which the other refuses or becomes unable to carry out, may recover it in an action for money had and

received; he may also recover property of its value, delivered in the same way, by any suitable proceeding; and where a piece of property is delivered in payment, as being worth a certain sum, it is not in the power of the defendant, without the plaintiff's consent, to return the specific things received, but he must refund in the usual mode for money had or goods sold.

"In like manner, one who has rendered services in execution of a verbal contract which, on account of the statute, can not be enforced against the other party, can recover the value of the services upon a quantum meruit; and this is true when, after part performance, the contract is broken by the plaintiff refusing to go on and complete the service; for if the defendant could compel him to do so, that would be to enforce the special contract." Brown on the Statute of Frauds, p. 136, Sec. 118.

In the case of Williams v. Bemis, supra, the facts were these:

"The plaintiff in that case had rented a tract of land from the defendant for the period of two years, and by the terms of the contract the defendant was to furnish certain materials, and the plaintiff to do certain work and raise certain crops of which he was to have two-thirds and the defendant one-third. At the expiration of the first year the crop of that year was divided according to contract, but the defendant refused to allow the plaintiff to plant the land the second year, and repudiated the contract because it was within the statute of frauds, and plaintiff sued for the value of his services, claiming that the labor and expenses of the first year were disproportionate to the labor and expenses necessary for both years. The Court said:

"An action for money had and received lies to recover back money paid by a party to an agreement which is invalid by the statute of frauds, and which the other party refuses to perform. Cook v. Doggett, 2 Allen 439; Basford v. Pearson, 9 Allen 387; Gillet v. Maynard, 5 Johns 85. An action would also lie for the return of any article de-

livered, or for payment for labor and services rendered, upon such an agreement and under such circumstances. Sherburne v. Fuller, 5 Mass. 133; Lane v. Shackford, 5 N. H. 130; Holbrook v. Armstrong, 1 Fairf. 31. Such is undoubtedly the general rule, as established by numerous authorities. 'Certainly so much, as has been expended by the plaintiff in money or labor may be recovered in an action for money paid, or for work and labor done, for the defendant.' Kidder v. Hunt, 1 Pick. 328, 331; Shute v. Dorr, 5 Wend. 204. 'The true principle is this: The contract being void and incapable of enforcement in a court of law' (the defendant having refused to perform) 'the party paying the money, or rendering the services in pursuance thereof, may treat it as a nullity, and recover the money or the value of the services under the common counts.' King v. Brown, 2 Hill 485, 487, per Nelson, C. J. In Gray v. Hill, Ry. & Mood. 420, Best, C. J., held that where the defendant, in consideration of certain repairs to be made by the plaintiff, agreed to assign a lease to him, and after the repairs were made refused to make the assignment, and set up the statute of frauds as a defense, the law implied a promise to pay for the repairs, and this implied promise was 'not touched by the statute.' See also Van Dusen v. Blum, 18 Pick. 229.

*    *    *    *    *    *    *    *

"If it had been a payment in money, it would be too plain to be controverted. A payment in labor and services, of which the other has secured the benefit, stands upon the same ground." William v. Bemis, 108 Mass. 91.

The case of Aiken v. Nogle, supra, was to recover $658.35 for services rendered by plaintiff as a house servant for defendant under a verbal agreement covering a period of nearly seven years. The defendant set up the statute of frauds. The Court by Horton, Justice, say:

"Where services have been rendered, the party benefited thereby must pay for them. * * * * The statutes of

frauds can not and ought not be construed to permit palpable frauds. When one who need not have done the services, because the promise was verbal, has voluntarily performed the agreement for the actual benefit of the other party, he or she may have an action against the other party for the services actually performed. Common honesty compels such a ruling." Aiken v. Nogle, 47 Kan. 96, 27 Pac. 825. A recovery may be had for services rendered under a void parol agreement to devise property in consideration thereof on a quantum meruit, and evidence of the promise is admissible to rebut the presumption that such services were rendered gratuitously. In re Kessler's Estate, 59 N. W. 129.

Where services have been rendered in consideration of property to be conveyed, and the contract is within the statute of frauds, plaintiff's remedy is on the quantum meruit; and proof of the contract is competent to rebut the presumption of gratuity between near relatives. Kettry v. Thumma, (Ind.) 36 N. E. 919; see also Grant v. Grant, 29 Atlantic Rep. p. 15 (Conn.); Wallace v. Long (Ind.) 5 N. E. Rep. p. 666.

In Shute v. Dorr, 5 Wendell 204, the Court held that the contract was void under the statute of frauds, and stated that the evidence showed that the special contract was abandoned by mutual consent of the parties, and then added:

"Upon the ground, therefore, either that the contract was void under the statute of frauds, or that it had been terminated and abandoned by the parties, the plaintiff has a right to recover upon a quantum meruit, for the services actually rendered by his son, without any reference to the special agreement."

In Fuller v. Reed, the Supreme Court of California, say:

"If money has been paid or services rendered, in pursuance of the conditions of a void contract by one party thereto, and the other party fails to voluntarily perform on

his part, the injured party has no remedy at law upon the void contract; he may, however, under such circumstances, disaffirm such contract, and maintain his action at law to recover back money so paid, or the value of the services so rendered." Fuller and Reed, 38 Cal., 99, 111.

The foregoing authorities illustrate fully the rule in suits at law.

This principle is illustrated by numerous decisions of the Supreme Court of the United States awarding specific performance of oral contracts condemned by the statutes of frauds where one of the parties relying upon the contract had performed his part, or had performed labor or services or expended money in accordance with the terms of the oral agreement, and the case is otherwise within the terms of equitable cognizance. Caldwell v. Carrington, 9 Pet. 86; Neale v. Neale, 9 Wall. 1; Bigelow v. Ames, 108 U. S. 10; Brown v. Sutton, 129 U. S. 238; Union Pac. Ry. Co. v. McAlpine 129 U. S. 305; Riggles v. Erney, 154 U. S. 244.

In the last case cited the Court says: "Indeed the rule is too well settled to require further citation of authorities, that, if the parol agreement be clearly and satisfactorily proven, and the plaintiff, relying upon such agreement and the promise of the defendant to perform his part, has done acts in part performance of such agreement, to the knowledge of the defendant—acts which have so altered the relations of the parties as to prevent their restoration to their former condition—it would be a virtual fraud to allow the defendant to interpose the statute as a defense and thus to secure to himself the benefit of what has been done in part performance." Riggles v. Erney, 154 U. S. 254.

3. Defendants relied upon the provisions of section 1572 of the Compiled Laws, 1897, which are as follows:

"No member of the Board of Education shall receive any pay or emolument for his services."

The meaning of the section is plain. It simply establishes the rule that a member of the board shall receive no salary. It has no reference to the employment of a member

of the board for legal or other services disconnected with the usual duties of members. Because a member is a lawyer does not require him to render legal services on behalf of the board without compensation. Because a member is a doctor he is not required to attend the teachers and scholars free of charge even though it were the duty of the board to furnish medical attendance. Because a member is a contractor does not require him to repair and build the school houses without compensation. Because a member is a teacher does not require him to teach without compensation. None of these acts come within his duties as a member of the board.

It has sometimes been held that a board of education can not lawfully employ one of their members, but the weight of authority sustains such contracts. Junkins v. Doughty Falls Union School District, 39 Me. 220; McGaffrey v. School Dist. No. 1. (Wis.) 42 N. W. 103; Geer v. School Dist. No. 1. in Richmond 6 Vt. 76; Sawyer v. Methodist Episcopal Soc. 18 Vt. 405; Rogers v. Danby, Universalist Society, 19 Vt. 187; Stoddard v. Vestry of Port Tobacco, 2 Gill & J., 227; Allbright v. Chester, 9 Rich. Law 399; Proprietors of Canal Bridge v. Gordon, 1 Pick. 297.

But the authorities that hold such contracts illegal decide that the person performing services under such illegal contract may recover the value of such services by a suit upon a quantum meruit. Picker v. School Dist. No. 1., 25 Wis. 551.

Neill B. Field for appellee.

1. The line of demarcation between what are ultimate facts and what are conclusions of law is not one easy to be drawn in all cases. Ultimate facts are to be deduced from probative facts by a process of natural reasoning, while conclusions of law are drawn by a process of legal deduction. The result reached by a presumption of law may be a fact, equally with that reached by a deduction of

fact from other and evidentiary facts; and the same fact may be reached by the one process or by the other. The difference is in the process, rather than in the result.

\*     \*     \*     \*     \*     \*     \*     \*

An allegation of a legal conclusion may contain an averment of fact that will make it good on demurrer; and it has generally been on this ground, and to avoid prolixity, that courts have sustained the allegation that an act was "duly" done.

Whether a given statement is a fact or a conclusion of law may depend upon the use that is made of it, as shown by the context; for a proposition may, for one purpose, be a conclusion of fact, and good on demurrer, while for another purpose it is a conclusion of law, and not good on demurrer. For example, in an action for goods sold, an allegation of indebtedness is a conclusion of law; but in an action by a judgment creditor, to set aside a fraudulent conveyance, an allegation of indebtedness as the foundation of the judgment is matter of fact. That one is heir of another if asserted as the ground of a demand, is a conclusion of law; aliter, if stated merely by way of designation.

\*     \*     \*     \*     \*     \*     \*     \*

The rule under consideration not only requires facts to be stated, to the exclusion of the law and legal conclusions, but it gives to them controlling effect; so that where a pleader states the operative facts which show his remedial right, he is not to be prejudiced by having erroneously denominated his title.

\*     \*     \*     \*     \*     \*     \*     \*

The mere averment of a legal conclusion states no right or defense, calls for no responsive pleading, is not admitted by failure to deny, or by pleading in avoidance, and will not admit evidence or sustain a judgment. A party is not concluded by a mistaken averment of the law in his plead-

ing; for such averment, not being called for, does not tend to mislead the opposite party. Where only a legal conclusion is pleaded, the pleading is demurrable; but where sufficient facts are blended with legal conclusions, the remedy is by motion. If the objectionable matter may be separated from the other, it may be stricken out; otherwise the motion should be to make definite and certain. Phillips on Code Pleading, Sec. 346.

Mr. Van Santvoord, in his work upon the New York Code, (pages 244, 245) thus quotes Mr. Selden of that state: "Facts are to be stated; but what are facts? Are they pure matter of fact unmixed with any element of law? No declaration or complaint was ever so drawn. If a plaintiff states his title to, ·or ownership of, property in the usual form, is this the statement of pure facts? Clearly, not. It comes much nearer being a statement of a mere matter of law—that is of a legal right depending upon facts not stated. Again: the common averment that the defendant executed, or entered into, a contract is liable to the same criticism; or even that he signed. sealed and delivred it. The delivery may have been actual or it may have been constructive merely. What amounts to a delivery is a question of law. It is obvious, therefore, that some latitude of interpretation is to be given to the term 'facts,' when used in a rule of pleading. It must of necessity embrace a class of mixed facts, in which more or less of legal inference is admitted. A contrary construction would tend to intolerable prolixity. To determine precisely how great an infusion of law will be allowed to enter into the. composition of a pleadable fact, precedent and analogy are our only guides." Bliss on Code Pleading, Sec. 208.

It is not denied that some of the allegations of the answer are conclusions of law, but it is insisted that they are, in every material instance, conclusions of fact as well and are therefore properly pleaded. Can it be denied that the allegation of the membership of appellant of the Board of Education is the allegation of a fact? Or that the allega-

tion that the contract was not in writing is the allegation of a fact? Certainly not. How, then, as to the allegations that all service performed by appellant for appellee were so performed as a member of appellee and not otherwise? Certainly it will not be argued that appellant could recover in this action for services which, as a member of the board, he had undertaken to perform without pay or emolument. If not, then appellee had a right to rely upon the obligation of appellant, growing out of his membership, to perform these services without compensation, as a bar to his right to recover and also had the right to plead it specially. How was this defense to be pleaded? Was it possible to set up in the answer the fact that it was part of appellant's duty as a member of the Board of Education to do the things for which he claims compensation in any other way? Was it incumbent on appellee to specify in its answer the service actually rendered by appellant and thus show that the particular service was such a service as was included in his duties as a member of the Board or was it incumbent on him to do this, by way of reply, and thus establish his right to compensation?

Appellant has admitted, by his failure to deny it, that whatever service he performed for appellee he performed as a member of the Board and not otherwise. Whether what was done by appellant, for which he claims compensation, was done in his official capacity as a member of the Board or was done in his private capacity as an attorney at law must certainly be determined as a question of fact and in this case the Court below determined it on the appellant's admission, arising out of his failure to deny the allegation of the answer now under consideration.

"It seems to us that, in raising the question as to the sufficiency of the allegations in the answer, the learned counsel has failed to distinguish between conclusions of fact and conclusions of law and statements of evidence. The argument which has been addressed to us in support of this demurrer is that the various steps must be alleged by

which the lien was established, and that if any of these were absent the pleading is defective. We think that a pleading of that description would be subject to the criticism that evidence was being set up, and not allegations of fact. It is true that many conclusions of fact depend upon conclusions of law, but this circumstance in no way affects their competency. In pleading a judgment it is not necessary to allege all the steps which were taken in order to secure the judgment. It is sufficient to say that the judgment has been duly entered. It is undoubtedly a conclusion of law whether the judgment has or has not been duly entered, but it is also a conclusion of fact. It is a conclusion of law as to whether the proper steps have been taken to authorize the entry of the judgment and to confer jurisdiction. The same is true in regard to the allegation that an action has been commenced and is pending between the same parties, for the same cause of action. As to whether an action has been commenced or not is a conclusion of law, depending upon facts proven. It is also a conclusion of fact pending upon the determination of that question as to whether the steps have been taken by which an action was commenced. So, in the case at bar, where the allegation is that due proceedings were taken by which these liens were filed, the pleader has complied with the rule of alleging conclusions of fact, and not alleging the evidence from which such conclusions must be drawn." McCorkle v. Hermann, 22 N. Y. St. Rep., 519 (5 N. Y. Sup. 881); Barnum et al. v. Kennedy, 21 Kan., 142; Allen v. O'Donald, 23 Fed. 476; Clark v. Chicago, etc., Ry Co., 28 Minn. 70; Duggan v. Wright, 157 Mass. 231; Hoag v. Mendenhall, 19 Minn. 289 (19 Minn., R. 335); Barthol v. Blakin, 34 Iowa, 452.

2. Counsel for appellant seems to consider the first paragraph of the answer a general denial of all material allegations of the complaint and argues that the second and third paragraphs should have been stricken out because irrelevant and redundant.

I' has already been demonstrated that the first paragraph of the answer is a specific denial of the allegations of the first paragraph of the complaint and that the second and third paragraphs of the answer were necessary to give the court below a proper understanding of the defense relied on.  Certainly, that appellant was a member of the Board and performed the services for which he claimed compensation as such member as well as the fact that the contract was not in writing, were relevant to the controversy and material to the defense.  They are clearly within Phillips' definition of new matter,—

"So a statement of facts that by themselves show a right of action, may not show such right when taken in connection with other and correlated facts.  The defense of new matter is based upon this principle.  It brings upon the record other facts, so correlated to those already alleged as to form with them an entire ground of circumstances, which, taken together, show that the plaintiff has not the right of action disclosed by that part of the facts disconnected by him from the entire group, and stated in the complaint."

\*       \*       \*       \*       \*       \*       \*       \*

"In such case the facts stated by the plaintiff are not questioned; they are simply placed in juxtaposition with correlated facts, to show that, as part of the entire group of facts to which they belong, they do not give the plaintiff the right which they apparently do when disconnected and standing alone."  (Phillips on Code Pleading, Sec. 236).

The same author says: "The court should exercise its power under a motion to strike out with reluctance and caution for if material matter be stricken out, it will be error, while refusal to strike will seldom be to the prejudice of any one."  (Sec. 282).

If the facts sought to be stricken out of the answer were material and relevant, if they might have been given in evidence upon the trial under any state of the pleadings, they should not have been stricken out.  The appellant can

not be prejudiced by the refusal of the court below to strike them out: If they were not true, he should have put them in issue by a reply when the court denied his motion. Not having done so, he can not now complain that the denial of his motion was error.

"We are of the opinion that the Court, in refusing to strike out the matter assailed by plaintiff's motion, committed no error prejudicial to him. The most that can be said of the facts stated in these paragraphs is that they aver matters which might be proved under the specific denials contained in the first paragraph, and that they are therefore unnecessary.

"That this alone is not a sufficient cause for striking out a clause in the answer, see Martin v. Swearengen, 17 Iowa, 346, cited and relied on by appellant. This is not a case where the same matter is repeated in several clauses or paragraphs. The first paragraph contains the denials of the material allegations of the petition. The second, an admission of the facts not controverted. The third and subsequent paragraphs contain a statement of the facts as the defendant avers them to exist, facts which, for the most part, could be proved under the denials of the first paragraph, which are inconsistent with the allegations of the petition, and which, if proved, disprove the averments made by plaintiff.

"Surely it is no prejudice to plaintiff that he is advised of the affirmative matter upon which defendant relies to disprove the allegation of the petition. The Code, section 2719, provides that: 'The court may, on motion of any person aggrieved thereby, cause irrelevant or redundant matter to be stricken from any pleadings, at the cost of any party whose pleadings contain them.' This section authorizes the motion to be made only by the person aggrieved.

"A party has a right to set forth his cause of action fully, and unless he burdens his pleadings with matters that are totally irrelevant, impertinent, or imposes upon the

defendant the necessity of specifically traversing a great number of facts, which are more properly evidence in support of a cause of action, than substantive averments to show that a cause of action exists, the defendant can not be regarded as aggrieved thereby.    *    *    *    *    Nor is a court to be taxed with the labor and trouble of minutely inspecting a pleading upon summary motion of this kind for the purpose of ascertaining whether averments are, or are not, relevant, unless in cases where it is absolutely in-cumbent upon the party to get rid of them, to enable him to frame a proper answer."    Maloney v. Davis, 15 Howard, 261, cited in notes to section 2946 of the revision.

The plaintiff sustained no prejudice by the overruling of this motion.    Gate v. Gilman, 41 Iowa, 534-5; Davis v. Shuler, 14 Florida, 444; Brachman v. Kushnmuench, 64 Wis. 250; Burnham v. City of Milwaukee, 69 Wis. 384.

3.    The act creating boards of education in the various cities and towns of the Territory, under which appellee is organized, provides:

"No expenditure involving an amount greater than two hundred dollars, shall be made except in accordance with the provisions of a written contract, and no contract in-volving an expenditure of more than five hundred dollars, for the purpose of erecting any public buildings or making any improvements, shall be made except upon sealed pro-posals, and to the lowest responsible bidder."    Comp. Laws 1897, Sec. 1581.

In the brief of counsel on pages nine and ten it is said:

"Had there been an express contract to pay $300.00 it is clear that the plaintiff could not enforce the contract as against defendant's objection that it was not in writing. but he can recover for the reasonable value of the services whether that be more or less than the contract price.    All the authorities agree upon this proposition."

A large number of authorities, all apparently arising on the statute of frauds, are cited by counsel for appellant

in support of this statement of his brief. The principle contended for is beyond controversy. Its application to the case at bar is not apparent. The evil intended to be guarded against by the provision of the statute of frauds requiring certain contracts to be in writing is entirely different from that which provokes the enactment of statutes such as the one now under consideration. When a private individual has received the benefit of the labor of another, performed under a contract which is void by the statute of frauds, the reason for the existence of the statute has, as to that particular transaction, ceased to exist; consequently, for the purpose of doing justice between the parties, the statute ceases to be available as a defense. The reason, for the inhibition of the statute invoked in this case, is equally strong after, as before, the execution of the contract. This statute is enacted for the protection of the public, as a limitation upon the power of the board of education to contract. To say that the Board may bind the public by disregarding the provision of the section in question is but another way of saying that such legislation is without validity; of saying that the law will imply a promise binding upon the public from the acts of a public body done in defiance of the law from which the body derives its existence. The question arises here as one of pleading and appellant is estopped to contend in this Court, that, although he alleged his services to be worth three hundred dollars, the proof might have shown their value to be less than two hundred dollars and thus have eliminated the necessity for a written contract.

Appellant, having alleged the value of his services to be three hundred dollars, and that value being a material allegation, for the determination of the sufficiency of the pleading, it is elementary that he is bound by it. (Butts v. Woods, 4 N. M., 347).

The rule of pleading established under the statute of frauds should, by analogy, apply to pleadings under this statute:

"We have already seen that it is open to the defendant to demur where the plaintiff expressly states that the agreement rests in parol. Where he does not by his allegations disclose whether it is in writing or not, the defendant may deny that it is in writing and insist upon the statute by his plea or answer." Browne on Statute of Frauds, Sec. 513.

Appellant's demurrer admits that the contract was not in writing, as required by the statute and this admission brings the case clearly within a principle uniformly recognized by courts and text writers.

"And where a statute provides that all the contracts of a municipality shall be made in a certain way, it has been held that it could not be held liable on an implied contract. This rule has been applied where a city charter required that all contracts should be in writing." 15 Am. & Eng. Enc. of Law, 1085.

"But the main reliance of the plaintiff is upon the proposition that the defendant, having appropriated the materials of the plaintiff and used them, is bound to deal justly and to pay him the value of them. The case of Nelson v. The Mayor, 63 N. Y. 535, is cited. The learned judge who delivered the opinion in that case does, indeed, use language which approaches the plaintiff's proposition; but the judgment in that case did not go upon the doctrine there put forth; and when the opinion is scrutinized it does not quite cover this case. It is said: 'If it (the city) obtains property under a void contract, and actually uses the property and *collects the value of it from property owners by means of assessments,* the plainest principles of justice require that it should make compensation for the value of such property, to the person from whom it was obtained.' The words we have marked in italics indicate a difference between the two propositions; though it is to be admitted, not a great difference in the principles upon which each rests. The case in the California court (Argenti v. San Francisco, 16 Cal., 255) goes upon the ground set forth in the opinion

in Nelson's case, supra. There is, however, a more radical
difference, than that above noted, in the two cases cited
and that in hand. In those two cases the way was open
for implying a promise to pay what the property was worth,
if with no disregard of statute law, such an implication was
admissible; that is to say, there was in those cases, so far as
appears from the facts, no express inhibition upon the city
that it should not incur a liability save by an express con-
tract. Here there is an express legislative inhibition
upon the city, that it may not incur liability unless
by writing and by record. How can it be said that
a municipality is liable upon an implied promise, when the
very statute which continues its corporate life, and gives
it its powers, and prescribes the mode of the exercise of
them, says, that it shall not, and hence can not, become
liable, save by express promise? Can a promise be implied,
which the statute of frauds says must be in writing to be
valid? How do the cases differ? The Bank of the United
States v. Dandridge supra, which is a leading case upon the
doctrine of the liability of a corporation aggregate, upon
a promise implied, holds, as we have already said, that if
the charter imposes restrictions upon the manner of con-
tracting, they must be observed. And the California cases
above cited concede the same. It is plain, that if the re-
strictions put upon municipalities by the Legislature, for
the purpose of reducing and limiting the incurring of debt
and the expenditure of the public money, may be removed,
upon the doctrine now contended for, there is no legislative
remedy for the evils of municipal government, which of late
have excited so much attention and painful foreboding.
Restrictions and inhibition by statute are practically of no
avail, if they can be brought to naught by the unauthorized
action of every official of lowest degree, acquiesced in, or
not repudiated, by his superiors." McDonald v. The Mayor,
68 N. Y. 23, (23 Am. Rep. 147) ; 1 Dill. Mun. Corp., Sec. 449;
15 Am. & Eng. Enc. Law, 1085; Bently v. Chisago County,
25 Minn. 259; Los Angeles Gas Co. v. Toberman, 61 Cal.

199; French v. Auburn, 62 Me. 452; Carron v. Martin, 26 N. J. L. 594; Addis v. Pittsburgh, 85 Pa. St. 379; McCoy v. Briant, 53 Cal. 247.

McFIE, J.—If, upon the face of the pleadings, it is manifest that the appellant was not entitled to recover, there can be no reversible error in this case, and it is not necessary for the court to consider the refinements of pleading nor the right to a trial by jury, suggested by appellant in his assignments of error.

The appellant sues as an individual untrammeled with the duties and responsibilities of the official relations he sustained to the board of education of which he was member; the defendant, therefore, had a right under the code to set up as new matter the plaintiffs membership in the board; that the duties performed were those required of him as such member, and that he was not entitled to compensation under the statute, which provides that "no member of the board of education shall receive any pay or emolument for his services." Section 1572 C. L. 1897. There being no reply filed denying this new matter of defense, which was equivalent to an admission, the court could have rendered judgment upon this issue alone, as it could not well be contended that the plaintiff could recover for services the law required him to perform without compensation. As a member of the board he was required by law to perform services for which he was not entitled to compensation and it devolved upon the appellant to allege that the services rendered were not such as were required of him in his official capacity. To allege that the services performed were legal services, was not sufficient. A lawyer who is member of such board, may voluntarily perform legal services for which he could not recover. For instance at a meeting of the board a legal question might arise, upon which, a valuable opinion might be given, but in such case, there could be no recovery for legal services unless under an agreement to that effect with the board. If the appellant

relies upon actual employment we are then brought to the consideration of the third

SCHOOL board contracts: in writing, when.

paragraph of the defense, the facts of which are admitted by the demurrer. The appellant alleges that he was employed as an attorney to perform legal services; that his services were reasonably worth three hundred dollars, and that the board promised to pay the amount. Appellant having alleged the value of the services, he was employed to perform, and valuation being a material allegation for the determination of the sufficiency of the pleading, he is of course bound by it. Butts v. Woods, 4 N. M. 343. These allegations are, substantially, that the plaintiff was employed to perform legal services to the value of three hundred dollars, or possibly it may be said that the contract of employment was unlimited, except by the reasonable value of the services rendered. As a defense the appellee set up the provisions of the act creating boards of education in this territory and under which the appellee corporation was organized, as follows: "No expenditure involving an amount greater than two hundred dollars shall be made except in accordance with the provisions of a written contract, and no contract involving an expenditure of more than five hundred dollars for the purpose of erecting any public buildings or making any improvements shall be made except upon sealed proposals and to the lowest responsible bidder." Section 1581, C. L. 1897.

If the appellant relied upon an express contract, and these allegations as to employment and the promise to pay, were intended by the pleader as setting up such contract, the above provision of the statute pleaded in the third paragraph of the answer, would be a complete bar to the action and defeat recovery by the plaintiff, as the statute provides a specific limitation upon the power of the appellee to contract for an expenditure of more than two hundred dollars, unless the contract is in writing, and the appellant

does not allege that there was a written contract.

In the brief of counsel for appellant we find the following statement, which sets at rest any claim for judgment under an express contract: "Had there been an express contract to pay the three hundred dollars, it is clear that the plaintiff could not enforce the contract as against defendant's objection that it was not in writing, but he can recover for the reasonable value of the services whether they be more or less than the contract price."

MUNICIPAL corporation: contracts: none implied, when.   It is evident, therefore, that the appellant does not rely upon any contract of employment, but does rely upon an implied contract which would warrant a recovery under a quantum meruit.

If this were a case between private individuals, or possibly corporations, having an unlimited capacity to contract, the performance of services on the one side, and acceptance of them by the other side, would authorize a recovery of the reasonable value upon a quantum meruit, even though the services were performed under a void contract. The rule which forbids the defense of the statute of frauds against an executed contract, has no application to the case at bar. The rule is stated by the Supreme Court of the United States to proceed and rest upon the principle, that there is no rule of law which prevents a party from performing a promise which could not be legally enforced, or which will permit the party morally, but not legally bound, to do a certain act or thing, upon the act or thing being done, to recall it to the prejudice of the promisee, on the plea that the promise while still executory, could not by some technical rule of law have been enforced by action. Bibb v. Allen, 149 U. S. 497. This is the general doctrine under the defense of the statute of frauds, but it is not applicable to all cases, and a different doctrine prevails where there is a statutory limitation upon the power to contract or incur indebtedness.

The board of education of the city of Albuquerque is a

quasi municipal corporation, of which body the appellant was a member. By reason of the relations between them, the appellant was bound to serve the appellee to some extent at least, without compensation, and in addition to this appellee is forbidden to authorize any expenditure in excess of two hundred dollars except in accordance with the provisions of a written contract. This act is not a statute of frauds, but of limitation upon the capacity of appellee to contract. Appellant having come into court seeking to recover money from the appellee, was compelled to allege facts showing a legal right to recover, and has contented himself with allegations, which, while they might be sufficient in a suit by one individual against another, are wholly insufficient to entitle him to recover in this case, and he asks this court to hold that a promise to pay for his services will be implied by law from the acts of a quasi municipal corporation, of which he is a member, done in violation of the express language of the statute from which the corporation derived its powers.

SCHOOL board: implied promises: presumptions.

The authorities cited by the appellant announce the correct doctrine under the statute of frauds, in ordinary cases. The principle contended for by the appellant under the statute of frauds may be considered well settled. The evil intended to be guarded against by the provisions of the statute of frauds requiring certain contracts to be in writing is entirely different from that which provokes the enactment of statutes such as the one now under consideration. When a private individual has received the benefit of the labor of another, performed under a contract which is void by the statute of frauds, the reason for the existence of the statute as to that particular transaction ceases to exist; consequently for the purpose of doing justice between the parties the statute ceased to be available as a defence. The reason for the inhibition of the statute invoked in this case, is equally applicable after as before the execution of the contract. This statute was enacted for the protection of

the public as a limitation upon the power of the board of education to contract, and to say that the board may bind the public by disregarding the provision of the section in question, is but another way of saying that such legislation is without validity. It will not do for the appellant to say in this action, that the proof might have shown the services to be less valuable than those alleged; the question here is one of pleading which alleges employment and the value of the service thereunder to be three hundred dollars, and which allegation is binding upon the appellant in this court. The appellant is presumed to know the law. He is chargeable especially with knowledge of the law under which the corporation acts of which he was a member. He is chargeable with a knowledge of the provision limiting the power of such board to contract and defining the manner in which contracts shall be made. The appellant in dealing with the board was bound to see that all the requirements of the law are complied with, and by neglect of such precaution, he became a mere volunteer, and must suffer the consequences. He can not contend that services voluntarily performed by him as a member of the board, could be sued for and a recovery had for their value. He is, therefore, compelled to rely either upon a written contract, or a verbal contract or employment involving an expenditure not exceeding two hundred dollars. In this action the appellant seeks to recover the sum of three hundred dollars for legal services for which he admits in his brief he could not contract, except in writing, and insists upon a promise to pay which he alleges the law implies. If the appellant may recover three hundred dollars by failing to enter into a contract with the board, on the ground of an implied promise to pay; it follows that an implied promise might be invoked for a much larger amount, and there would be absolutely no limit to the amount of the recovery as against this board. The limitation of the statute is swept away; the law is effectually avoided, and the object for which this statute was enacted, is defeated. It is not reasonable to believe that

the law would imply a promise to pay for services rendered under a contract or arrangement in violation of the provisions of the statute.

Mechem on Public Offices and Officers, section 831, says: "Where the law expressly requires that the contract shall be executed in a certain manner, or shall be in writing, or shall also be approved by some other officer, such requirement must be complied with or the contract will not be binding upon the government." "And where a statute provides that all the contracts of a municipality shall be made in a certain way, it has been held that it could not be held liable on an implied contract. This rule has been applied where a city charter required that all contracts should be in writing." 15 American and English Encyclopedia of Law, page 1085.

In the case of Parr v. Greenbush, 72 N. Y. 463, the court says: "A person contracting with public officers must take notice of their powers; he is charged with knowledge of the law, and he makes a contract in violation of the law, at his peril. When the law commands public officers before entering into a contract; to advertise and contract with the lowest bidder, a contract made without advertising and without competition is wholly void and imposes no obligation upon the public body assumed to be represented. Laws of this character imposing restraint upon public agents, have been found to be necessary and beneficial. Public policy requires that they should be rigidly enforced, but the claim is made that as the work and materials were furnished and the village has received some benefit from them, it is an implied obligation to pay what they were worth. If this were so, the law could always be easily evaded. That it is not so, is no longer an open question in this court."

Brady v. New York, 20 N. Y. 312; McDonald v. Mayor, etc., of New York, 68 N. Y. 23; Smith v. Newburgh, 77 N. Y. 136; McBrian v. Grand Rapids, 56 Mich. 95.

In the case of McDonald v. Mayor, etc., of New York, 68 N. Y. 23, the court says: "The main reliance of the plaintiff is upon the proposition that the defendant having appropriated the materials of the plaintiff and used them is bound to deal justly and to pay him the value of them." In the case of Nelson v. Mayor, etc., of N. Y., 63 N. Y. 563, it is said: "The learned judge who delivered the charge in that case does indeed use language which approaches the plaintiff's proposition, but the judgment in that case did not go upon the doctrine there put forth and when the opinion is scrutinized it does not quite cover this case." The learned judge proceeds to show that where the statute provides that all contracts shall be in writing there is no room for saying there can be an implied contract, and where the statute which continues the corporate life of the municipality and gives it its powers and prescribes the mode of exercising them says that all such contracts shall be in writing it can not become liable upon an implied promise, and further says "restrictions and inhibitions by statute are practically of no avail if they can be brought to naught by the unauthorized action of every official of the lowest degree and acquiesced in and not repudiated by his superiors."

In Bank of the United States v. Danridge, which is a leading case upon the doctrine of liability of a corporation aggregate upon a promise implied, holds "that if the charter imposes restrictions upon the manner of contracting they must be observed."

In the case of Argenta v. San Francisco, 16 Cal. 256, Mr. Justice Field in deciding that case held, that there was no implied contract; that the proposal made pursuant to advertisement and the expense thereof by the defendant constituted an express contract; that independent of such contracts, he did not consider that the liability would attach to the city for the improvement of the streets; that a municipal corporation can only act in cases and in the mode prescribed by its charter; and in street improvements of local

nature, express contracts authorized by ordinance are necessary to create liability, and the doctrine of implied liability as upon implied contracts has no application in cases of this character. 1 Dillon on Municipal Corporations, section 449.

In the case of McCoy v. Bryant 53 Cal. 247, the court held: "It is the general and fundamental principle of law that all persons contracting with a municipal corporation, must at their peril, inquire into the power of the corporation, or its officers, to make the contract; and, a contract beyond the scope of the corporate power is void, although it be under the seal of the corporation. Dillon on Municipal Corporations, sec. 372. And where the mode of contracting is especially and plainly prescribed and limited, that mode is exclusive, and must be pursued, or the contract will not bind the corporation." Dillon on Municipal corporations, section 373.

In the case of Addis v. Pittsburg, 85 Pa. St. 379 the court said : "The proper course for the city undoubtedly was to advertise and re-let the work, but the plaintiff preferred to go on with the work under his contract. He relied, it was offered to prove, on the assurance of the city engineer and street committee that he should be compensated for the extra work, but the city itself, much less any of its subordinate officers or committee, had no power to make an agreement to pay for such work; on the rule of quantum meruit we may regard that the plaintiff acted unadvisedly, but to assist him in this hard case would be laying the ax at the root of the system which imperatively requires all municipal work of this character to be done by the lowest and best bidder."

It is true that the cases above referred to, apply to municipal corporations, but the principle therein announced seems to be equally applicable to the Board of Education in this case. In each case, the corporate power to contract and the manner in which contracts should be made, was specifically provided and limited by statute, and in these cases, the law is declared to be, that where such limitations

exist, contracts made in violation of their provisions are null and void, and in such cases it would be a contradiction to hold that notwithstanding the contracts were void by reason of legal limitations, the law will imply a promise to pay on the part of the corporation. Such a doctrine would absolutely destroy all the safe guards, found necessary to be thrown around such corporations as the appellee in this case, and leave the corporation subject to unlimited liability.

Upon the record in this case, the appellant is before this court insisting upon a recovery of three hundred dollars, on account of his employment to perform legal services for the appellee and he also insists that the law implies a promise upon the part of the appellee to pay the same. If the law raises an implied promise to pay this amount, the appellant might with equal force insist that it raised an implied promise to pay a still greater amount, and thus another provision of the statute requiring advertisement and bids before expenditures could be authorized to the amount of five hundred dollars, would be rendered void. This view of the law will not be sanctioned by this court. A member of the board of education in this Territory can not recover for the performance of duties required of him, nor for voluntary services of any kind, as a member of such board. Such member can not raise an obligation as against the board in any amount, by rendering gratuitous services. To enable such member to recover, if at all, he must perform services under a contract of employment. If he relies upon a verbal contract, to be valid, it must appear that the expenditure involved did not exceed two hundred dollars. Where no limit is fixed, or where the limit fixed is in excess of the sum of two hundred dollars, it must appear that the contract was in writing, otherwise it is void. In the case of individuals, a party may recover for valuable services rendered, regardless of the existence of a contract; it is only necessary that the party charged with liability, receive and

appropriate the value of the services, or money, as the case may be, but a different rule prevails as to corporations, such as the appellee in this case, which derives its power wholly from the statute, and whose power to contract and mode of contracting, is regulated and limited by the statute.

Counsel for appellant refers us to a number of cases in which a member of a school board was permitted to recover, under a quantum meruit, but an examination of these cases shows that the court held, that there was no limitation on the power to contract and where such is the case, a corporation is liable.

From the views herein expressed, it is apparent that the plaintiff was not entitled to recover upon the case made in the court below. The judgment of the court below will, therefore, be affirmed with costs.

Mills, C. J., and Parker, J., concur.

---

[865.   August 23, 1900.]